GULOTTA, Judge
(concurring in part, dissenting in part).
I concur with that part of the judgment which recognizes the parties to be owners in indivisión of the real property and ordering it to be sold at public auction; and after payment of all costs, mortgages, liens and credits are made, the balance of the proceeds be equally divided by the parties.
However, I dissent from that part of the judgment remanding the matter for a determination of the objections raised and for the introduction of, evidence of further mortgage payments.
As pointed out in the majority, the defendant husband filed an answer in the form of a general denial. Upon defendant’s attempt to elicit evidence of mortgage payments, repairs, maintenance and loans, plaintiff’s counsel objected setting forth LSA-C.C.P. art. 1005 as the basis of that objection, i. e., that the extinguishment or payment of an obligation is an affirmative defense and must be affirmatively pleaded. According to plaintiff, because defendant failed to affirmatively plead the defense of payment, he is precluded from offering any such evidence. Counsel objected, according to the record, on more than two occasions. While the record does not indicate that the trial judge either sustained or overruled the objections, testimony was elicited on payment by the husband. The record does not disclose that plaintiff’s counsel stated on each occasion that he intended his objection to evidence relating to payment by defendant be considered to be general in nature. Névertheless, his repeated objections had that effect. In my opinion, there was no waiver of the objection to the introduction of this evidence. Any testimony, therefore, pertaining to the husband’s payment cannot be considered. This evidence is inadmissible. Accordingly, that part of the judgment granting credits to the husband should be reversed. When these credits are disallowed, the wife is entitled to a credit in the sum of 11 mortgage payments[1] (January, 1967 — -November, 1968) together with a tax payment in the sum of $182.00 and an additional $23.00 escrow payment.
Accordingly, I concur in part and dissent in part.

 Both parties vacated the matrimonial domicile (the property in question) in December, 1967. The wife testified she made mortgage I)ayments from November, 1967 through November, 1968.